## PERLEY B. WHIPPLE

### v.

## CHARLOTTE H. CROCKER, Adm'x, etc.

1. PAYMENT.—Appellee's intestate at the time of his death held a note and mortgage against appellant. A paper purporting to be his last will was admitted to probate, and under it appellant and H. were appointed executors, and took possession of the property, including the note and mortgage in question. By the terms of the pretended will a gift was made to appellant of said note and mortgage upon his payment to the testator's executors of $1,000, and acting under this provision in the will, appellant paid to his co-executor H. $1,000, and took up the note in suit. The pretended will was afterwards declared by the Supreme Court to be null and void. *Held*, that even if appellant had paid the $1,000 in good faith, it did not discharge the debt, and he would only be entitled to a credit of that amount upon the note.

2. APPLICATION OF PAYMENTS. — At the time of his death appellee's intestate was indebted to appellant $447.05 on account, and appellant was indebted to appellee's intestate on notes to the amount of $975, aside from

the note in suit. The claim of appellant for $447.05 was allowed against said estate, and paid by his co-executor, H., to appellant, who thereupon repaid it to his co-executor upon the note in suit. No action was taken in respect to the notes for $975, held by the estate against appellant. *Held*, that it was the duty of appellant to have set off his claim against the estate against the claim for $975 held by the estate against him; that, acting in the capacity of an executor of said estate, he should have placed the credit where his testator would have directed, if living.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed April 2, 1880.

Messrs. WISE & DAVIS, for appellant; as to the right of a debtor to direct how payments shall be applied, cited Arnold v. Johnson, 1 Scam. 196; McFarland v. Lewis, 2 Scam. 345, Bayley v. Wynkoop, 5 Gilm. 449; Jackson v. Bailey, 12 Ill. 159; Heintz v. Cahn, 29 Ill. 308; Sprague v. Hazenwinkle, 53 Ill. 419; Hare v. Stegall, 60 Ill. 380; Bonnell v. Wilder, 67 Ill. 327.

If one be a mortgage debt and the other a simple account, the mortgage debt will be preferred: Pattison v. Hall, 9 Cow. 747; Dorsey v. Gasaway, 2 Har. & J. 402; Gwinn v. Whittaker, 1 Har. & J. 754; Robinson v. Doolittle, 12 Vt. 246; Anon. 12 Mod. 559.

Payment to an executor who has obtained probate of a will, discharges the debtor notwithstanding the probate is afterwards set aside: Bradford v. Benedict, 3 Wash. C. C. 122; Emery v. Hildreth, 2 Gray, 231; Allen v. Dundas, 3 Durn. & E. 125; Bac. Abr. 13; Kittridge v. Folsom, 8 N. H. 108: Stone v. Peasley, 28 Vt. 720; Morgan v. Dodge, 44 N. H. 261; Belden v. Meeker, 47 N. H. 307; Parham v. Moran, 4 How. 717.

Mr. HENRY S. BAKER, for appellee.

CASEY, J. This was a proceeding in equity to foreclose a mortgage. The allegations in the bill are that on the 18th day of March, A. D. 1863, Perley B. Whipple (the plaintiff in error) was indebted to one Josiah Whipple in the sum of $1,500, and

on the same day made and delivered to the said Josiah Whipple his promissory note for said amount, payable two years after the date thereof, with interest at the rate of 10 per cent. per annum, payable annually; that the said Perley B. Whipple also on the same day executed, acknowledged and delivered to the said Josiah Whipple a deed of mortgage of certain real estate therein described, to secure the payment of said note; that on the said 18th day of March, 1863, the said Josiah Whipple assigned and delivered the said note and mortgage to Arba Nelson; that the said Nelson died without issue or descendants on the 6th day of February, A. D. 1871, leaving complainant (defendant in error) his widow him surviving; that afterwards, in 1871, what purported to be the last will and testament of the said Arba Nelson, was admitted to probate in the County Court of Madison county, Ills.; that by said paper the said Perley B. Whipple and one John E. Hayner were made executors, and as such executors took entire possession of the personal estate of the said Arba Nelson; that as such executors they obtained possession of the said note and mortgage; and while so in their hands, payments were improperly endorsed on said note; that after protracted litigation the Supreme Court at its June term A. D. 1874, affirmed the judgment of the circuit court, setting aside and declaring void the pretended will of the said Arba Nelson; that afterward the defendant in error was, by the County Court of Madison county, appointed administratrix of the said Arba Nelson's estate; that the said Perley B. Whipple has not paid the principal or interest due on said note. Usual prayer for a foreclosure; the answer of defendant under oath being waived. Copies of the note and mortgage are filed with the bill. Summons was issued returnable to the March Term of the Madison Circuit Court, A. D. 1876.

On the 26th of July, A. D. 1876 the defendants file their answer to complainant's bill, admitting the indebtedness to Josiah Whipple; the making of the note and mortgage; that the note was assigned to Arba Nelson; that the paper purporting to be the will was admitted to probate; that letters testamentary were issued to Perley B. Whipple and John E. Haynes; that

as such executors they took possession of the personal estate, including the note and mortgage; but denies that payments were improperly endorsed; and shows the paper purporting to be the will as aforesaid contained this clause. "I give to Perley B. Whipple, the mortgage debt I hold on his dwelling house in Middle Alton upon condition he pay to my executors the sum of $1,000." That while they were acting as such executors, Whipple tendered to his co-executor John E. Haynes, $1,000.00 in full payment of said note and mortgage; and that the said Haynes as such executor accepted the same, and delivered the note and mortgage to said Whipple, satisfied in full. The answer admits that the will was set aside as charged; that complainant (defendant in error), took out letters of administration; that in turning over to her the property that came into their hands, as such executors, she demanded the said note and mortgage; that the said Whipple and Haynes averred at the time that they were paid; that Whipple held them individually, and they were his own; but that complainant insisted on the note and mortgage being delivered to her, and the said Whipple, so as not to prevent a settlement of the entire affairs in their hands and obtain their discharge, delivered the said note and mortgage to her, insisting that they were paid, and that he would resist the further payment.

Replications were filed on the 27th of December, A. D. 1876. An amendment to the bill was filed showing that on June first, 1871, a payment of $447.05 was endorsed on the note; that when Arba Nelson died he owed P. B. Whipple & Co. the sum of $447.05, for goods, etc.; that after his death the said Perley B. Whipple, acting as executor, caused the said Haynes, his co-executor, to endorse said claim of $447.05 as a credit on the said note for $1,500; that the said P. B. Whipple & Co. were at the same time indebted to the said Nelson in the sum of $975 and interest thereon, for which the said firm had made and delivered to the said Nelson three promissory notes; that the said firm was at the time of Nelson's death, and is still, insolvent; and that none of the said notes are secured. An amendment to the answer was filed March 17, 1879. The amendment shows that after the said will was set aside the

said executors rendered to complainant a full account of all their acts in the premises, but that they would not agree with complainant that a final settlement was had with her by which they agreed to pay her a balance of $18,000 in full of everything except the individual notes of said Nelson in their hands. That it was distinctly agreed that the settlement included the said note and mortgage, and that complainant afterward received and receipted for the $18,000; denies the payment of $447.05 as alleged; admits that the estate of Nelson was indebted to Perley B. Whipple in the sum of $447.05; that the claim was allowed in favor of said Whipple, paid to him, and that he paid the same to Wise, who was cashier and bookkeeper for Whipple and Haynes, as executors, and that Wise was instructed to credit the same on said note as part payment.

The amended answer further shows that the firm of P. B. Whipple & Co., was composed of P. B. Whipple only, and that P. B. Whipple & Co. was indebted and insolvent as alleged in the amended bill. Replication was filed to the amended answer, and the cause was heard at the December term of the Madison Circuit Court, A. D. 1879, and decree for the complainant for the full amount of the principal and interest due on said note, for the sum of $2,913.30, allowing credits of interest in full to the first day of July 1870, and disregarding the alleged payments. The first error assigned is, the court erred in rendering a decree in favor of complainant and against the defendants. This raises all the questions involved in this case. The record is voluminous, containing much of what seems to be immaterial matter. The only question is, was the note or any part of it paid? It was claimed by plaintiff in error that he had paid the note. The defendant has persistently denied that fact. It is not claimed by plaintiff that he paid the full sum of $1,500 due on the note, but that he paid $1,000, which, by virtue of the provisions of the paper purporting to be a will, was a discharge of the entire debt. It was admitted that the highest judicial tribunal in the state declared the pretended will invalid, so that if plaintiff had paid in good faith $1,000 in cash, he would not have paid the note; he would simply have been entitled to a credit for the sum of $1,000, leaving the remainder due. This

narrows the question for consideration to an inquiry as to what, if any, credits the plaintiff is entitled to. It is admitted that Nelson at the time of his death was indebted to P. B. Whipple & Co. in the sum of $447.05, and that the firm of P. B. Whipple & Co. was indebted to Nelson at the time of his death in the sum of $975, for which said sum the firm had given three promissory notes bearing interest.

The plaintiff in error in his testimony states that he, alone, constituted the firm of P. B. Whipple & Co. There can be no justice or equity in allowing plaintiff a credit on the note, when he, himself, was at the same time indebted to the estate in more than twice the amount. Plaintiff in error at the time was one of the executors of what was supposed to be the will of Nelson; was acting in a fiduciary character, requiring under the circumstances, the utmost good faith in all his acts in the premises. When his claim was presented against the estate, it was beyond question his duty to bring forward as a set off the claims of the estate against himself. No one else could do so, for he had the notes in his possession. That would have shown to the court that he was not only not entitled to any judgment, but that the estate was entitled to a judgment against him for some $500. Instead of acting in that manner, as he was bound to do by every principle of equity, fair dealing and good conscience, the *farce* is gone through of having a special administrator appointed, for whose service the estate pays $500. The claim of $447.05 is allowed in favor of P. B. Whipple & Co; the amount in full is paid to him by his co-executor, Haynes, and he, in turn, pays it to the cashier of himself and his co-executor on his individual indebtedness to the estate. At the same time leaving the entire sum of $975, owing by P. B. Whipple & Co. due to the estate unsecured, and the said firm insolvent. Such a proceeding would not be allowed if both the parties were alive, *a fortiori;* will it not be allowed when one is dead, and the one losing is acting as his personal representative? The learned counsel for plaintiff in error undoubtedly states the law, that the debtor may direct upon which of two or more debts a payment shall be credited, and that a creditor when no direction

Whipple v. Crocker.

is given, may place the credit where he sees proper; and if neither party makes a specific appropriation of the money, the law will appropriate as the justice and equity of the case may require. These principles have no application to the case before us. Whipple was the personal representative of Nelson, and should have placed the credit where Nelson would have directed, if living. Presuming that he was a man of ordinary business capacity, can we doubt where he would have directed the credit to be made? Plaintiff, in his assumed capacity of P. B. Whipple & Co., was indebted to the estate, and the estate was indebted to him in his assumed capacity.

We may fairly assume that that indebtedness was made by Nelson, because P. B. Whipple & Co. were indebted to him. Nelson seems to have been a man in easy circumstances financially, and there is no reason for his indebtedness to P. B. Whipple & Co. other than as above stated. Plaintiff in error held all the claims, and one should have been set off against the other; instead of that, as before stated the plaintiff procured the allowance of the claim in favor of P. B. Whipple & Co. and paid the amount when received on indebtedness owing by him to the estate in his individual capacity. We think it clear equity that the plaintiff in error is not entitled to any credit for the said sum of $447,05. The evidence shows that the plaintiff in error did on the 13th day of August A. D. 1871 pay to the estate or for its benefit the sum of $552.95. In the report made by himself and his co-executor he is charged with that amount. When introduced as a witness, he states that he did pay the said sum to Wise, as the cashier as aforesaid. There is nothing in the record to contradict that statement, and we must take it as true. Hence he is entitled to a credit for that amount, and the decree of the circuit court will be reversed and remanded with instructions to enter a decree of foreclosure on said mortgage for the amount due on said note, the interest to be computed from the first day of July, A. D. 1870, and allowing a credit for the said sum of $552.95, dated August 13th, 1871.

Reversed and remanded.